UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JAMES COLLINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 1:06-cv-006-SEB-VSS |
| | ) | |
| MARK A. BEZY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

A writ of habeas corpus may be granted when it is established that the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Ordinarily, an action pursuant to 28 U.S.C. § 2255 is the exclusive means for a federal prisoner to attack his conviction or sentence. *Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir. 2003); *Garza v. Lappin,* 253 F.3d 918, 921 (7th Cir. 2001). However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence in those cases where § 2255 is 'inadequate or ineffective to test the legality of [the] detention.' 28 U.S.C. § 2255 ¶ 5." *Id.* A remedy via § 2255 is "inadequate" when its provisions limiting multiple § 2255 motions prevent a prisoner from obtaining review of a legal theory that "establishes the petitioner's actual innocence." *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002). It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001)*; Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir. 1999).

James Collins is confined within the Southern District of Indiana serving a sentence imposed by the United States District Court for the Central District of Illinois following his conviction for various drug offenses. *See United States v. Joiner,* 183 F.3d 635, 637-38 (7th Cir. 1999). In the present action, brought pursuant to § 2241, Mr. Collins challenges his conviction and/or his sentence. His prior motion for relief pursuant to 28 U.S.C. § 2255 was unsuccessful, from his perspective.

In enacting the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress altered the method by which prisoners may obtain relief on a second or successive § 2255 motion. Pursuant to the AEDPA:

> No . . . district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in  section 2255.

28 U.S.C. § 2244(a). Paragraph 8 of Section 2255 begins: "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."  The "motion" to which this language refers must be the kind of motion described by § 2255 ¶1--one "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Valona v. United States,* 138 F.3d 693 (7th Cir. 1998). The court in *Valona* proceeded to observe that nothing in the statutory scheme under AEDPA "implies that a federal prisoner may use a petition under § 2241 to call into question the validity of a conviction or sentence that has already been subject to collateral review." *Id.* "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States,* 210 F.3d 770 (7th Cir. 2000). Under the AEDPA, therefore an individual must first obtain permission from the appropriate circuit court of appeals before filing a second or successive § 2255 motion. *See* 28 U.S.C. § 2255 ¶8.

Collins brings the action following the filing and adjudication of a prior motion for relief pursuant to 28 U.S.C. § 2255.  He is not permitted to use 28 U.S.C. § 2241(c)(3) in this manner. *Romandine v. United States,* 206 F.3d 731, 734 (7th Cir. 2000) (a prisoner can't file multiple collateral attacks just by omitting the designation "§ 2255" from a motion substantively under that section . . . . "); *Talbott v. Lappin,* 2000 WL 1124950 (S.D.Ind. July 31, 2000). In substance, therefore, this habeas petition is a second § 2255 motion. The reasoning of *Talbott* is entirely applicable here:

> [I]n *Thurman v. Gramley,* 97 F.3d 185, 188-89 (7th Cir. 1996) . . . the Court of Appeals for the Seventh Circuit held that a § 2241 habeas petition which is in reality a second or successive action pursuant to § 2255, should be treated as the latter. This treatment is confirmed in many other situations in which a prisoner seeks to circumvent the procedure under § 2244. *E.g., Calderon v. Thompson,* 523 U.S. 538, 553 (1998) (noting that "a prisoner's motion to recall the mandate on the basis of the merits of the underlying decision can be regarded as a second or successive application for purposes of § 2244(b). Otherwise, petitioners could evade the bar against relitigation of claims presented in a prior application, § 2244(b)(1), or the bar against litigation of claims not presented in a prior application, § 2244(b)(2). If the court grants such a motion, its action is subject to [the] AEDPA"); *United States v. Woods,* 169 F.3d 1077 (7th Cir. 1999) (holding that a motion nominally under Fed.R.Crim.P. 33 must be treated as a petition under § 2255, because it made the arguments and sought the relief provided by § 2255); *United States v. Garcia,* 181 F.3d 1274, 1275 (11th Cir. 1999) (similar holding assessing prisoner's challenge through an action for coram nobis relief following an earlier § 2255 motion which had been denied on the merits); *In re Gregory,* 181 F.3d 713, 715 (6th Cir. 1999) (rejecting mandamus relief); *In re Davenport,* 147 F.3d 605, 608 (7th Cir. 1998) (rejecting mandamus, coram nobis, and audita querela relief).

*Talbott v. Lappin,* 2000 WL 1124950, at *3.  As was also noted *In re Davenport,* 147 F.3d 605, 608 (7th Cir. 1998), it can't be right and would nullify the AEDPA limitations if a prisoner, prevented from obtaining relief under § 2255, could simply turn to § 2241. "To date, no federal circuit court has permitted a post-AEDPA petitioner who was not effectively making a claim of "actual innocence" to use § 2241 (via § 2255's savings clause) as a way of circumventing § 2255's restriction on the filing of a second or successive motion to vacate sentence." *Hervey v. United States,* 105 F.Supp.2d 731, 733 (E.D.Mich. 2000) (citations omitted).

> Anyone who files a "second or successive" application must start in the court of appeals, and any effort to begin in the district court must be dismissed for want of jurisdiction . . . .

*Benton v. Washington,* 106 F.3d 162, 165 (7th Cir.1996). *See also Reyes-Requena v. United States,* 243 F.3d 893, 898 (5th Cir. 2001)(agreeing with other circuits that 28 U.S.C. § 2244(b)(3)(C) has been incorporated into § 2255). Simply having gone through the exercise under § 2244(b)(3)(C) does not allow a person in Collins' position to use  § 2241(c)(3).  That would subvert the legislative scheme and permit the savings clause to swallow the general rule.

The dispositive point here is that Mr. Collins' petition does not suggest that his remedy via § 2255 was inadequate or ineffective to test the legality of his detention. Because this showing has not been made, the present action must be dismissed for lack of subject matter jurisdiction. *Cueto v. Stepp,* 2005 WL 3448030 (S.D.Ill. December 15, 2005).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  02/17/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana